## KAISER v PFEIFFER

Ohio Appeals, 9th Dist, Summit Co

No 2902. Decided June 8, 1937

Gottwald, Breiding & Hershey, Akron, for appellant.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellee.

## OPINION

PER CURIAM

This cause is before this court as an appeal upon questions of law and fact.

The petition filed herein is one seeking to set aside a warranty deed for certain premises located in the city of Akron, Ohio, which the plaintiff claims was obtained "by false and fraudulent misrepresentations, all of which were known to the defendant and her agents, employees and associates, who either represented her in said transaction or participated and assisted her in wrongfully obtaining possession of said deed and delivering it to her."

A denial of the allegations contained in the petition has been filed by the defendant, except the allegations with reference to plaintiff being in actual possession of the real estate described in the petition, that plaintiff executed and delivered a deed to said property to defendant, and that said deed was thereafter placed of record.

The action being predicated upon alleged fraud, it was the duty of the plaintiff to establish that fraud, if perpetrated, was perpetrated by the defendant, or her agents or servants, acting within the scope of their employment and authority; and this by clear and convincing evidence.

We hold that the evidence adduced in this case falls far short of establishing fraudulent conduct upon the part of the defendant, acting through her agents or servants within the scope of their authority and employment, and it is not claimed that the defendant **personally** perpetrated any fraud upon the plaintiff. Any fraudulent conduct of defendant's purported agents occurred subsequent to the close of the transaction in question; and at the time said transaction was closed, it is conceded that the consideration paid was fair, and that the deal was advantageous to the plaintiff.

There being such a failure of proof, the petition of the plaintiff must be dismissed.

The transcript of the evidence filed herein, however, does disclose such conduct upon the part of persons purporting to act as the agents of the plaintiff that, with reference to the conduct of Calvin G. Wilson and Alden K. Crawford, this court feels that a thorough investigation thereof should be made by the grand jury of this county; and the court is further of the opinion that the conduct of E. K. Sheffield, the real estate agent, in accepting a double commission without disclosing to both parties to the contract the dual agency, was of such character as merits investigation by the real estate board, and appropriate action by that board.

To the end that such investigations may be conducted, a copy of this opinion is being forwarded to the prosecuting attorney of Summit County, and to The Akron Real Estate Board, with the hope that appropriate action may be taken by both, in order that this defendant may be reimbursed for the money and property of which she has apparently been wrongfully deprived.

As to the conduct of the attorney, Aubrey A. Wendt, we find nothing in connection therewith meriting criticism. It is our opinion that he had just cause to believe that he was representing the plaintiff by reason of the representations made to him by Calvin G. Wilson, her purported agent; that his professional deportment in the handling of said transaction was fair and honorable, and that he had no knowledge of the questionable conduct of Wilson and Crawford; also that the charge made by him was not excessive for the services which he rendered.

A decree may be prepared dismissing the petition of the plaintiff, at plaintiff's costs.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.